**Krim M. BALLENTINE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 84–907.**

United States Court of Appeals, Federal Circuit.

July 19, 1984.

Krim M. Ballentine, pro se.

Stephanie Conley, Washington, D.C., for respondent.

Before RICH, DAVIS and BALDWIN, Circuit Judges.

## ON MOTION TO TRANSFER

RICH, Circuit Judge.

Krim M. Ballentine (Ballentine) has appealed from a decision of the Merit Systems Protection Board (MSPB) dismissing his appeal of a demotion by the U.S. Marshals Service, Department of Justice (agency). The MSPB held that it lacked jurisdiction over the case because Ballentine had filed his appeal prior to either the issuance of an agency decision or to the lapse of 120 days from the filing of his formal complaint of discrimination with the agency concerning the same actions appealed to the MSPB. The MSPB dismissed the appeal without prejudice, holding that the requirements of 5 U.S.C. § 7702 and 5 CFR 1201.154 regarding the above-mentioned criteria for its jurisdiction had not been met (MSPB Docket No. CH07528310055, January 16, 1984).

We now have before us: (1) the MSPB's motion to transfer this case, for want of jurisdiction to consider any appeal in a discrimination-related case, to an appropriate district court; (2) Ballentine's second mo-

tion for leave to appeal in forma pauperis; and (3) the MSPB's motion for an extension of time to file its brief on the merits should its transfer motion be denied. However, having had to consider the merits of this case in order to resolve the questions raised regarding our jurisdiction, we now decide this appeal on its merits.

■ In support of its transfer motion, the MSPB relies primarily on *Williams v. Department of the Army*, 715 F.2d 1485 (Fed.Cir.1983). *Williams* involved a "mixed" case of discrimination; that is, an appealable adverse action in which it is alleged that a *basis* for the action is discrimination prohibited under § 7702(a)(1)(B). Under § 7702, an employee may challenge an adverse agency action on both nondiscrimination and discrimination grounds, or solely on the ground of discrimination. Williams had filed two appeals contesting the MSPB's affirmance of the agency action: one in district court on the basis of discrimination and another in this court based on nondiscrimination grounds. Our decision to transfer for want of jurisdiction to hear the appeal was expressly limited to cases in which the petitioner wished to pursue the MSPB's *determinations* of both the merits of the adverse action and the issue of discrimination:

> We hold that where jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and this court has no jurisdiction, under 5 U.S.C. § 7703(b)(1), over such cases. This holding is limited to situations in which the employee is challenging judicially the board's determinations of both the discrimination and the nondiscrimination issues....
>
> Because the pleadings in the proceedings before the district court do not track the issues of this appeal in all respects, we find it in the interests of justice to transfer this case to the district court. [715 F.2d at 1491.]

In *Williams* it was held that a "mixed" case of discrimination was outside of our jurisdiction because "Congress intended to authorize unitary, rather than bifurcated, review of an MSPB decision"; i.e., a unitary decision by the MSPB was not severable into two separate appeals of the adverse action, respectively based on discrimination and nondiscrimination grounds. 715 F.2d at 1487–90. Thus, neither the decision nor the reasoning of *Williams* directly applies in Ballentine's case because the MSPB has not yet made any determination of the issues of the case, and because our review of the MSPB's action does not produce a bifurcated appeal. And, as *Williams* further noted,

> We express no view on whether we would have jurisdiction over cases in which the employee initially raised both issues before the board, but either abandoned the discrimination claim during the board proceeding or eschewed any judicial challenge of the board's ruling on that issue. Such a case is not before us. Petitioner here is actively pursuing review of all issues decided by the board. [715 F.2d at 1491.]

This court has "exclusive jurisdiction .... (9) of an appeal from a final order of the Merit Systems Protection Board, pursuant to section 7703(b)(1) ... of Title 5." Federal Courts Improvement Act of 1982, 28 U.S.C. § 1295(a)(9). This court has jurisdiction pursuant to § 7703(b)(1) over appeals from the MSPB of adverse action cases except insofar as § 7703(b)(2) provides that:

> (2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case

received notice of the judicially reviewable action under such section 7702.

The disposition of this appeal depends upon when our jurisdiction under § 7703(b)(1) is precluded by § 7703(b)(2) and § 7702. Section 7702(a)(2)(B) requires an agency to decide an adverse action involving discrimination, when the matter is before it, within a 120 day limit. The agency decision is immediately judicially reviewable in district court unless the employee appeals the matter to the MSPB. § 7702(a)(2)(B). Section 7702(a)(1) requires that the MSPB "decide both the *issue* of discrimination and the appealable action" within 120 days of the filing of an appeal (emphasis added). The decision of the MSPB likewise becomes judicially reviewable in district court on the date of its issuance unless, within thirty days, the employee petitions the Equal Employment Opportunity Commission to consider the MSPB's decision. § 7702(a)(3)(A) and § 7702(b)(1). Once a case becomes judicially reviewable, § 7702 and § 7703(b)(2) specify that an action be filed under the appropriate discrimination statute. For example, § 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), authorizes an aggrieved employee to file a civil action within thirty days of receipt of a "final action taken by a department, agency or unit," in consonance with the parallel thirty day filing limit after an employee receives notice of "the judicially reviewable action under ... section 7702." § 7703(b)(2).

From the foregoing, it is clear that the judicially reviewable action by the MSPB which makes an appeal a "case of discrimination" under § 7703(b)(2) that can be filed in district court is that the MSPB has decided "both the issue of discrimination and the appealable action...." § 7702(a)(1). When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703. Yet, threshold issues such as the MSPB's own jurisdiction arise continually on appeal to

this court, and we have taken jurisdiction over these cases, as discussed below.

Given the broad language of § 7703(b)(1) and the congressional intent behind the Federal Courts Improvement Act, it seems unlikely that Congress intended that no review exist for procedural or threshold matters determined by the MSPB. In *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967), the Supreme Court stated that "only upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review" of administrative actions, quoting *Rusk v. Cort*, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962). We find no evidence in the legislative histories of these statutes to suggest anything other than that jurisdiction be exercised by this court under § 7703(b)(1) unless and until the right of a petitioner under § 7703(b)(2) to a trial de novo on the merits of a case is invoked. The appeals over which we have jurisdiction in cases involving such threshold matters will generally be those in which the MSPB is the named respondent. *See* § 7703(a)(2), and *Hopkins v. Merit Systems Protection Board*, 725 F.2d 1368, 1371 (Fed.Cir.1984).

The language of § 7703(b)(1), as discussed in *Williams*, itself strongly suggests that until the *merits* of a "mixed" discrimination case are reached by the MSPB, procedural or threshold matters, not related to the merits of a discrimination claim before the MSPB, may properly be appealed to this court. As *Williams* noted, discrimination issues may be abandoned during MSPB proceedings or simply not appealed. 715 F.2d at 1491. *See also Meehan v. United States Postal Service*, 718 F.2d 1069, 1074 (Fed.Cir.1983). Therefore, our exercise of jurisdiction over MSPB decisions until issues touching the merits of a discrimination claim are appealed comports with the intent of § 7703(b)(1) and (2) and also allows the application of a unified body of case law concerning issues like that actually on appeal here, i.e., the jurisdiction of the MSPB itself, or perhaps questions as to whether good cause has been shown for

the waiver of a filing deadline. As Judge Miller noted in his dissenting opinion in *Granado v. Department of Justice*, 721 F.2d 804 (Fed.Cir.1983), to hold otherwise would result

> not only in a waste of time and resources, but also in lack of uniformity as each of some 94 different federal district courts (with appeals to their respective circuits) proceeds to define the metes and bounds of MSPB jurisdiction. Congress sought to avoid such consequences by consolidating appellate jurisdiction over MSPB cases in a single court—the Federal Circuit. [721 F.2d at 810, footnote omitted.]

The MSPB secondarily relies upon the majority opinion in *Granado* to support its assertion that "this Court held that even a question of the Board's jurisdiction to hear an attempted mixed case appeal must be addressed by a district court." The MSPB understandably but incorrectly interprets the holding in *Granado*, however, because, notwithstanding its discussion of this court's jurisdiction in discrimination cases, *Granado* involved a probationary employee who had no statutory right to appeal to the MSPB. The *Granado* majority recognized that the Federal Courts Improvement Act "does not create any new rights in petitioner, but merely grants jurisdiction to this court if the petitioner already has such a right," 721 F.2d at 807, and

> [i]n this case, petitioner's claim of discrimination based upon national origin would have brought him under the provisions of § 7702 if he had not been a probationary employee. However, as a probationary employee his rights of appeal were restricted by statute and regulation. [721 F.2d at 806.]

The appeal by Granado was dismissed under 5 CFR 315.806(b) and (d) because, although the regulation establishes a limited right of appeal for probationary employees, he did not allege the type of discrimination necessary "to comply with this regulation." 721 F.2d at 806. Thus, *Granado* was not a mixed case of discrimination

**1248**

under § 7702 as was *Williams,* and does not preclude our jurisdiction over Ballentine's appeal. Neither do we perceive a conflict between *Granado* and *Mastriano v. FAA,* 714 F.2d 1152 (Fed.Cir.1983), in which we affirmed the MSPB's dismissal for lack of jurisdiction over a probationary employee's allegations of political discrimination. In *Mastriano* it was necessary for this court to construe the language of 5 CFR 315.806(b), which was not necessary to the disposition in *Granado.*

Having discussed the guidance of *Williams* and the lack of applicability of *Granado* to the present appeal, we now turn to precedents of this court which were non-merits, "mixed" discrimination cases, and which more directly guide our disposition of this appeal, *Hopkins* supra and *Wallace v. Merit Systems Protection Board,* 728 F.2d 1456 (Fed.Cir.1984).

In *Hopkins,* the petitioner appealed to this court from the MSPB's dismissal of his request for attorney fees on the ground of untimeliness. The Department of Justice (DOJ) moved to dismiss his appeal because Hopkins' petition constituted a "mixed case" of discrimination and nondiscrimination issues that properly belonged in a district court. This court noted that the appeal concerned the "dismissal for untimeliness of an attorney fee request, not review of the MSPB decision on the merits of Justice's attempted removal action." 725 F.2d at 1370. The DOJ's reliance on *Williams* was criticized because "Justice's argument misses, however, the nature of Hopkins' petition here." 725 F.2d at 1370. In *Wallace,* the issue on appeal was the correctness of the MSPB's holding that the appeal before it was untimely, and on this point the MSPB was reversed. *Wallace* explicitly noted that "this threshold issue is not excluded by 5 U.S.C. § 7703(b) and the holding in *Williams.*" 728 F.2d at 1459.

While we also note with approval the rationale of *Rosano v. Department of the Navy,* 699 F.2d 1315 (Fed.Cir.1983), which suggests that we generally have jurisdiction to determine the correctness of the MSPB's determinations that it does or does not have jurisdiction, we do not rely on *Rosano* here because that case also was not decided under § 7702. 699 F.2d at 1316, n. 5. Accordingly, we hold that this court has jurisdiction under § 7703(b)(1) over Ballentine's appeal and, as discussed above, *Williams* is not controlling.

█ On the merits of Ballentine's appeal, the MSPB held that it lacked jurisdiction to hear it because he had not waited to file his appeal at the MSPB until either the agency decided the discrimination appeal before it or until 120 days had passed from the date of filing the complaint at the agency. The MSPB correctly noted that this procedure is required by 5 U.S.C. § 7702(e)(2) and by its own regulations at 5 CFR 1201.154. We hold that the MSPB's decision was correct under our standard of review, 5 U.S.C. § 7703(c), in that its decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence.

*Summary*

For the foregoing reasons:

The MSPB's motion for an extension of time in which to file briefs is DENIED.

Ballentine's second motion for leave to appeal in forma pauperis, based on changed circumstances, is DENIED because he still does not meet the necessary criteria.

The MPSB's motion to transfer is DENIED.

The MSPB's decision dismissing Ballentine's appeal is *affirmed.*

AFFIRMED.