818 F.2d 875
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel SHIPKOVITZ, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 Appeal No. 86-1400.
 United States Court of Appeals, Federal Circuit.
 March 20, 1987.
 
 M.S.P.B., 30 M.S.P.R. 570(T)
 AFFIRMED.
 Before DAVIS, Circuit Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), dismissing petitioner's, appeal to the MSPB for lack of jurisdiction, are affirmed.
 
 OPINION
 
 2
 Petitioner, a Patent Automation Specialist in the Patent and Trademark Office, first requested leave-without-pay and then resigned his position. Claiming that those actions were involuntary due to harassment by superiors, he appealed to the MSPB. After a hearing, the presiding official held that petitioner had failed to sustain his claim of involuntariness. The full Board declined review.
 
 
 3
 We sustain the Board's holdings. As described in the presiding official's decision, there is substantial evidence supporting the determination that coercion, duress, or harassment were not proved. Petitioner's decision to resign was deliberate and long-considered; he could have remained in his position if he wished; and he worked out the conditions for his leave. As for harassment by superiors, the presiding official states that
 
 
 4
 "the instances [petitioner] described are either unbelievable, e.g., the Commissioner of Trademarks and Patents attempted to kill him with his car, the agency charged him with 'crimes,' and the Chief of Employee Relations Branch threatened his life; or they carried remedies which he could have pursued if he believed they were just harassment, e.g. an appeal of the denial of the within-grade increase."
 
 
 5
 These findings are enough to show lack of harassment that could cause his resignation.
 
 
 6
 Shipkovitz charges the presiding official with bias, but there is nothing substantial to support that contention. The presiding official's determinations, with respect to the calling of witnesses petitioner desired, were properly based on considerations of relevancy and irrelevancy--and were by no means an abuse of discretion. In addition, petitioner's delayed and blunderbuss efforts to show harassment against other individuals should be rejected.
 
 
 7
 Finally, this is not a "mixed" case of discriminatory as well as non-discriminatory adverse action, calling for a transfer to a District Court. There is, as the Board found and we agree, no non-discriminatory issue of which the Board has Jurisdiction, and therefore the Board was correct in never reaching the question of discrimination. In that situation, a transfer to a District Court is not warranted. Ballentine v. Merit Systems Protection Board, 738 F.2d 1244 (Fed. Cir. 1984).