824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sandra J. BENDER, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 Appeal No. 86-1538.
 United States Court of Appeals, Federal Circuit.
 April 17, 1987.
 
 Before FRIEDMAN, RICH and DAVIS, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or Board), dismissing with prejudice petitioner's appeal to that Board, is affirmed.
 
 OPINION
 
 2
 Petitioner was demoted by respondent, her employer. She appealed that decision to the MSPB; a hearing was scheduled before the presiding official, and then rescheduled. On the rescheduled hearing day, petitioner entered into a handwritten settlement agreement with respondent, agreeing (among other things) to withdraw her appeal to the MSPB. That settlement was signed by her and her then attorney, as well as by representatives of respondent. The next day the MSPB presiding official considered the settlement agreement which had been submitted by the parties to the MSPB for its record. The presiding official reviewed the agreement, held that "it appears to have been freely reached by the parties and to be lawful on its face," and then incorporated the settlement in the record of petitioner's case. On the basis of the agreement's provision for withdrawal of the appeal, the presiding official then dismissed the appeal with prejudice. After the presiding official's decision became final, petitioner appealed to this court (she did not petition for review by the full Board).
 
 
 3
 Petitioner now argues (through a new attorney) that the settlement agreement was invalid because involuntary on her part, but there is no indication that she made that contention before the MSPB or presented any evidence or material or offer of proof to support that position. We agree with the presiding official that on its face the agreement gives every indication of being valid, and it was signed by petitioner and her then attorney. Even now petitioner does not allege or specify any reasons for thinking she was coerced or duped or unduly influenced to sign the agreement. We can only conclude that the presiding official's decision was correct.
 
 
 4
 Petitioner's new counsel asks us to transfer the case to the Northern District of California because her suit for discrimination is pending there but, as this court has already held, we have jurisdiction over this case. Ballentine v. Merit Systems Protection Board, 738 F.2d 1244, 1247 (Fed.Cir.1984). This is not a "mixed case" (which would have to go to the District Court) because the MSPB never reached the merits of her demotion claim and, of course, never considered her discrimination claim (if one was then made).[1]
 
 
 
 [1]
 Petitioner's reply brief was untimely filed, just two days prior to oral argument, without any good excuse, and accordingly has been rejected by the court