824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David COLLINS, Jr., Petitioner,
v.
U.S. POSTAL SERVICE, Respondent.
 Appeal No. 87-3015.
 United States Court of Appeals, Federal Circuit.
 May 14, 1987.
 
 Before MARKEY, Chief Judge, and DAVIS and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. NY07528610123, sustaining U.S. Postal Service's (agency's) removal of David Collins, Jr. (Collins), for being excessively absent from duty without permission (AWOL) for 272 hours and for failure to follow instructions, is affirmed. Collins' motion to transfer this case to the United States District Court for the Eastern District of New York is denied.
 
 OPINION
 
 2
 The record does not show that Collins submitted any allegations of discrimination before either the agency or the board. 7 U.S.C. Sec. 7702(a)(1)(B). When asked to explain why he believed he was discriminated against, Collins noted, "Would like to complete for Special Counsel," but submitted nothing further. Because neither the agency nor the board has rendered a decision on the issue of discrimination, judicial review on that issue is unavailable. Ballentine v. Merit Sys. Protection Bd., 738 F.2d 1244 (Fed.Cir.1984); 5 U.S.C. Secs. 7702(a)(2), (3). Accordingly, we deny Collins' motion to transfer to the district court.
 
 
 3
 The record does not support Collins' assertion that the board "did not ensure that they had all the relevant factors" in finding that the penalty of removal was not excessive or unreasonable. The board gave Collins the opportunity to submit evidence concerning his ability and conduct, but he did not do so. On the record before us, substantial evidence supports the Presiding Official's determination that the agency weighed relevant factors before proposing Collins' removal, as prescribed in Douglas v. Veterans Admin., 5 MSPB 313 (1981), and that an appropriate penalty was selected.
 
 
 4
 Collins correctly suggests that he had a statutory right to a hearing before the board. 5 U.S.C. Sec. 7701(a)(1). Such hearings are not automatic, however, and an employee who desires a hearing must request one. 5 C.F.R. Sec. 1201.24(a)(3); see Callahan v. Department of the Navy, 748 F.2d 1556, 1558 (Fed.Cir.1984). The record shows that Collins was given several opportunities to request a hearing, but that he failed to do so. The board properly decided the case on the record. See id. at 1560.
 
 
 5
 Collins had ample opportunity before the board to submit evidence rebutting the agency's case and cannot correct his failure to do so in appealing the board's decision. This court has no authority to review the facts de novo. We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).