**Julio M. CRUZ, Petitioner,**

v.

**DEPARTMENT OF the NAVY, Respondent.**

No. 89-3359.

United States Court of Appeals, Federal Circuit.

June 25, 1990.

Phillip R. Kete, Takoma Park, Md., argued, for petitioner.

Russell B. Kinner, of Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Peterson, atty. Of counsel was Kenneth J. Densmore, Office of the Gen. Counsel, Dept. of Navy.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and DUPLANTIER, District Judge.*

SKELTON, Senior Circuit Judge.

### Decision

Plaintiff Julio M. Cruz (Cruz) appeals from the decision of the Merit Systems Protection Board (MSPB or board), 40 M.S.P.R. 683, Docket No. SF07528810758 dismissing his appeal of his removal by the Department of the Navy (agency) from his position of Education Services Specialist for alleged insubordination and unacceptable performance of his duties for lack of jurisdiction. We reverse and remand.

### Background

Cruz was an Education Services Specialist for the Navy and his superiors proposed to remove him from his job for insubordination and unacceptable performance as to one critical element of his position. After receiving the proposal to remove him from his job Cruz resigned from his job and set the date that his resignation would be effective. Nevertheless, he appealed to the board claiming that his resignation was not voluntary, but was coerced by the threat of removal, and that the agency had discriminated against him as a reprisal for his having filed Equal Employment Opportunity (EEO) complaints against the agency. The board referred the case to an administrative judge (AJ) who, after a trial, held that Cruz was guilty of insubordination in

refusing to obey orders issued by his superiors, that his work was unsatisfactory, that his resignation was voluntary and not coerced, that he had failed to prove any causal connection between the EEO complaints and the removal action against him, and that this was not a "mixed case". Finally, the AJ held that since Cruz had failed to prove that his resignation was coerced, the board did not have jurisdiction and dismissed the case. Cruz then appealed to the full board which denied his petition, but on its own motion vacated the AJ's decision insofar as it related to Cruz' claim of reprisal. Otherwise, the AJ's decision was affirmed. The full board reasoned that since Cruz' resignation was shown to be voluntary the board had no jurisdiction and the AJ should not have ruled on any other part of the case. In its opinion the board notified Cruz that he had the right to appeal to this court within 30 days. Thereafter, he filed his appeal here.

### Opinion

■ At the outset we hold that this is a "mixed case" and the board erred in holding otherwise. This is so because on the one hand Cruz claimed that his resignation was not voluntary but was coerced by the agency, and on the other hand he claimed that the agency discriminated against him as a reprisal for his having filed EEO complaints against it. The government contends that reprisal for EEO involvement is not discrimination encompassed within the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, but instead is only a prohibited employment practice under 5 U.S.C. § 2302(b)(9). We disagree. While such reprisal discrimination is a prohibited employment practice, it is also discrimination within the meaning and provisions of the Civil Rights Act. See 42 U.S.C. § 2000e–3; *Smith v. Horner*, 846 F.2d 1521 (D.C.Cir.1988); *Ayon v. Sampson*, 547 F.2d 446, 450 (9th Cir.1976). Thus, the reprisal discrimination complaint of Cruz presents a civil rights (Title VII) issue and,

* District Judge Adrian G. Duplantier of the District Court for the Eastern District of Louisiana, sitting by designation.

along with his appealable action, makes this case a mixed case over which the board had jurisdiction.

The law is clear that once a mixed case (i.e., one involving an appealable action and a discrimination issue) is appealed to the MSPB, the board is required to decide both issues within 120 days. 5 U.S.C. § 7702(a)(1); 5 C.F.R. § 1201.156; *Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244 (Fed.Cir.1984). The board failed to follow this requirement in the instant case, as it did not decide these issues. This was error on the part of the board.

■ Furthermore, 5 U.S.C. § 7702(a)(3) provides that a decision of the board on a discrimination issue may be appealed within 30 days by an employee, either to the Equal Employment Opportunity Commission (EEOC) or to a district court. Also, 5 C.F.R. § 1201.158 requires the board to notify the employee of his right, within 30 days of the receipt of the board's final decision, to petition the EEOC to consider the board's decision, or to file a civil action in an appropriate United States district court. Here the board did not notify Cruz of his right to appeal to the EEOC or to a district court. Instead, the board erroneously notified him that he had a right to appeal to this court.

Our en banc decision in *Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983) is the law of this circuit on mixed cases involving a discrimination claim. In that case we held that under 5 U.S.C. § 7702 " 'mixed' must be understood as discrimination mixed with an appealable action." *Id.* at 1487 n. 3. Also, we held that "cases falling within § 7702 have been termed 'mixed'." *Id.* We stated further that:

> An examination of petitioner's appeal to the MSPB discloses that the petition is founded upon a removal action appealable to the board under § 7701 and contains an allegation of prohibited racial discrimination under the Civil Rights Act referenced in § 7702(a)(1)(B)(i). Thus the case is one which falls squarely within § 7702.

715 F.2d *Id.* at 1487–88.

An analogous situation exists in the *Cruz* case, which must, therefore, be treated as a mixed case.

We look to the opinion in the controlling *Williams* case to determine the proper procedure to be followed when a mixed case is filed with the board. When this is done, we find that there we quoted with approval the following holding of the Fifth Circuit in *Wiggins v. United States Postal Service,* 653 F.2d 219 (5th Cir.1981):

> Section 7702 explicitly requires the board in appealable cases alleging both discrimination and nondiscrimination claims to decide *both* issues. 5 U.S.C. § 7702(a)(1)(B).

715 F.2d at 1488 (emphasis supplied).

We also held in *Williams:*

> Throughout § 7702, the issues of a mixed case are tied together for resolution at the same time. Section 7702(a)(2) requires an "agency" (i.e., not the MSPB) to decide *"both* the issue of discrimination and the appealable action" within 120 days and "the decision" is judicially reviewable or appealable to the board. *Similarly,* § 7702(a)(1)(B) requires the Board (i.e., the MSPB) also to decide *all issues* in the case within 120 days. Moreover, throughout § 7702, the word "decision" is used in referring to the administrative result of the proceeding in a mixed case, and the words "judicially reviewable action," again in the singular, is used concerning the review which may follow from the decision, whether the decision be that of an agency, the Board, the Equal Employment Opportunity Commission, or a special panel to which a matter may be certified.

715 F.2d *Id.* at 1489 (emphasis supplied).

■ The teachings of *Williams* make it very clear that *Cruz* is a mixed case and that the board was required to decide *both* the appealable action and the claim of discrimination. The board did not decide both issues, but instead bifurcated the case and decided *only* the appealable action which has now been appealed to our court. Again, we look to *Williams* which holds

that a mixed case cannot be bifurcated. There we said:

> Thus, we are led to conclude for similar reasons that Congress did not direct or contemplate bifurcated review of any mixed case. Rather, § 7702 reflects the statement in the legislative history:
>
> > In such cases, questions of the employee's inefficiency or misconduct, and discrimination by the employer, will be two sides of the same question and must be considered together.
>
> S.Rep. No. 95–969, 95th Cong., 2d Sess. 53, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2775.

715 F.2d *Id.* at 1490.

It is clear that we are not authorized to review the bifurcated issue of the voluntariness of Cruz' resignation that is intertwined with his claim of discrimination which the board has not decided although required to do so by § 7702.

Unless the board's opinion is reversed, it will mean that Cruz may not be able to present his discrimination claim in any forum. We do not believe that Congress intended such a result. It is more logical to believe that Congress by enacting the civil rights statutes and the Civil Service Reform Act, and that the President by issuing his message accompanying Reorganization Plan No. 1 of 1978, 3 C.F.R. 321 (1978), *reprinted in* 5 U.S.C.App. at 1155 (1982), 92 Stat. 3781 (1978), intended to combat job discrimination in all its forms, and that confusing overlap, duplication and bifurcation of cases by boards and courts in discrimination cases would be eliminated.

The dissent cites the case of *Schultz v. United States Navy*, 810 F.2d 1133 (Fed. Cir.1987). We do not believe that case is applicable because it was not a mixed case. There was no discrimination claim in the case.

Cruz has filed a motion in this appeal asking us to transfer the case to an appropriate district court. This we decline to do. The case is not judicially reviewable by a district court at this stage of the proceedings, because the board has not decided the appealable action and the reprisal discrimination issues. We held in *Ballentine v. Merit Systems Protection Board, supra:*

> When an appeal has been taken to the M.S.P.B., until the discrimination issue and the appealable action have been decided on the merits by the M.S.P.B., an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703.

738 F.2d at 1246. See also 5 U.S.C. § 7702(a)(3). The motion to transfer is denied.

The decision of the board is reversed and the case is remanded to the board with instructions to dispose of it as a mixed case consistent with this opinion.

### Costs

Costs are awarded to petitioner.

*Reversed* and *Remanded.*

MARKEY, Chief Judge, dissenting.

Respectfully, I dissent.

The majority's analysis rests on its view that this is a "mixed case." In this case, however, Cruz resigned. Voluntary resignation deprives the board of its jurisdiction. On the other hand, where an agency forces an employee to choose between resignation and an unsubstantiated adverse action, its doing so is deemed coercion and an adverse action within the board's jurisdiction. *See Schultz v. United States Navy*, 810 F.2d 1133 (Fed.Cir.1987). For this to have been a mixed case within the board's jurisdiction, Cruz must have first established that his resignation was involuntary, i.e. that it was coerced. That he failed to do.

The sole agency action here was a proposal to remove. The agency cited insubordination as its reason. The agency did not suggest to Cruz that he resign, and the board found that the insubordination charge was substantiated. Cruz says *another reason* underlying the agency's proposal was because he filed EEO complaints. It does not matter, however, what additional reasons the agency may or may not have had, as long as the charge underlying the proposal was substantiated. The agency simply was not forcing the type of

choice discussed in *Schultz.* Because Cruz's resignation was not coerced, it was voluntary and the board lacked jurisdiction.

Nowhere does the majority indicate any error in the board's determination that Cruz's resignation was voluntary. Nor did the board err in notifying Cruz of his right to appeal to this court. In *Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244 (Fed.Cir.1984), we unequivocally stated that we alone have jurisdiction to review a board decision on its jurisdiction, made prior to its reaching the merits of a case alleging an appealable action and discrimination.

The board was entirely correct in deciding first its jurisdiction. Citing 5 U.S.C. § 7702(a)(1), the majority correctly notes that in a mixed case the board is required to decide both issues within 120 days. To do that, however, the board must have jurisdiction.

I would affirm the dismissal for lack of board jurisdiction.