928 F.2d 411
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sharon J. NORTON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 90-3384.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1991.
 
 44 M.S.P.R. 686.
 AFFIRMED.
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Sharon J. Norton appeals the decision of the Merit Systems Protection Board (Board), AT315H8910833, dismissing for lack of jurisdiction her appeal from the termination of her job. The Board denied review, stating that the petition did not meet the criteria of 5 C.F.R. Sec. 1201.155. The AJ's decision therefore became the final decision of the Board. Id. Sec. 1201.113(b). We affirm.
 
 Discussion
 
 2
 We review the Board's decision to determine if it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 3
 Norton was serving a probationary period as an Accounting Technician with the Department of the Army at Fort Bragg, North Carolina. The agency terminated her for reasons of unavailability for work and unacceptable performance. See 5 C.F.R. Sec. 315.804. Norton appealed to the Board, stating that she believed that she was discriminated against because of her marital problems, which worsened her handicapped condition.
 
 
 4
 The AJ concluded that Norton's claim of discrimination was based on her handicapped condition and that her marital status (separation, with contemplation of divorce) only exacerbated her handicapped condition (hearing loss, migraine, spinal injury and a thyroid condition). Accordingly, he dismissed the complaint, concluding that Norton failed to make a non-frivolous claim of marital discrimination.
 
 
 5
 Norton contends that her case is based on issues of marital and handicap discrimination and requests that it be remanded to the Board. However, there is no statutory authorization for an appeal by probationary employees to the Board. Mastriano v. F.A.A., 714 F.2d 1152, 1155 (Fed.Cir.1983). Such individuals are not employees within the meaning of 5 U.S.C. Sec. 7511(a)(1). The only right of appeal by a probationary employee to the Board is provided in 5 C.F.R. Sec. 315.806, which permits appeals by a probationary employee only when it is alleged that agency action resulted from discrimination based on partisan political reasons or marital status. 5 C.F.R. Sec. 315.806(b). A probational employee may assert physical handicap discrimination on appeal to the Board, only if such discrimination is raised in addition to the reasons mentioned in paragraph (b) of the regulation. 5 C.F.R. Sec. 315.806(d). The allegation must be "supported by factual assertions indicating that it is not a pro forma pleading." Stokes v. F.A.A., 761 F.2d 682, 686 (Fed.Cir.1985).
 
 
 6
 Norton alleged discrimination based on her handicapped condition, but did not make a bona fide claim of discrimination based on her marital status. A claim of marital discrimination must allege that the individual was discriminated against by an agency because he or she was or was not married. An allegation that Norton's marital problems aggravated her health problems is not a claim of marital discrimination within the meaning of the regulation. See Stokes, 761 F.2d at 686.
 
 
 7
 Norton argues here for the first time that she proceeded in the wrong forum because her initial notice of discharge did not adequately give her notice to pursue her complaint with the Equal Employment Opportunity Commission if she could not meet the requirements of 5 C.F.R. 315.806(b). Since Norton did not raise this issue before the Board, she cannot now raise it before this court. Synan v. Merit Systems Protection Board, 765 F.2d 1099, 1101 (Fed.Cir.1985).
 
 
 8
 In the alternative, Norton has moved that her case be transferred to the United States District Court for the Eastern District of North Carolina, where she can pursue her alleged discrimination claims pursuant to 5 U.S.C. Sec. 7702. In view of the fact that we have jurisdiction to review the Board's action and have affirmed the Board's dismissal for lack of jurisdiction, we deny the motion to transfer to a District Court. See Ballentine v. Merit Systems Protection Board, 738 F.2d 1244, 1246-47 (Fed.Cir.1984).
 
 
 9
 Accordingly, we hold that the Board did not err in dismissing petitioner's appeal for lack of jurisdiction.