983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cornell JONES, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 92-3325.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1992.
Suggestion for Rehearing In Banc Declined
Jan. 22, 1993.
 
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Cornell Jones (Mr. Jones) petitions for review of the February 26, 1992 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. AT07529110778, dismissing his action for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Mr. Jones filed a union grievance on March 8, 1988 pursuant to his union's collective bargaining agreement with the Government. Subsequently, on March 31, 1988, and before he received a final arbitration decision, Mr. Jones voluntarily withdrew his grievance. Mr. Jones also filed an Equal Employment Opportunity (EEO) complaint alleging, among other things, that his removal was a result of handicap discrimination. The parties dispute when the EEO complaint was filed: Mr. Jones contends it was filed March 8, 1988; the Government contends it was filed on March 31, 1988. On July 2, 1991, the agency issued a final decision canceling Mr. Jones's EEO complaint because it was the basis of a pending civil action Mr. Jones filed in a Federal District Court.
 
 
 3
 On June 28, 1991, pursuant to 5 C.F.R. § 1201.154, Mr. Jones filed a "mixed" case appeal with the MSPB challenging his removal.[1] The administrative judge issued an initial decision dismissing Mr. Jones's appeal for lack of jurisdiction. The full board affirmed the AJ's decision holding that, pursuant to 5 U.S.C. § 7121(d)[2], the MSPB lacks jurisdiction to consider a "mixed" case appeal if an aggrieved employee elects to pursue a union grievance prior to filing the appeal, and the employee is not seeking review of a final arbitration decision rendered in connection with the grievance. The board recognized that it has jurisdiction to review a final arbitration decision; however, since Mr. Jones had voluntarily withdrawn his union grievance, and thus, had never received a final arbitration decision, the board determined that it had no basis for jurisdiction.
 
 
 4
 Mr. Jones also argues that the board has jurisdiction by virtue of his EEO complaint pursuant to 5 C.F.R. § 1201.154(b)(2). However, section 1201.154(b)(2) does not provide the board with jurisdiction if an aggrieved employee has elected to pursue a union grievance prior to filing the MSPB appeal. 5 C.F.R. § 1201.154(d). In such cases, section 1201.154(d) provides that the MSPB has jurisdiction only to review the arbitrator's final decision.
 
 
 5
 In addition, just as an aggrieved employee must elect between a union grievance and an MSPB appeal, so must the employee choose between a union grievance and an EEO complaint pursuant to 29 C.F.R. § 1613.219(b).[3] On March 8, 1988, Mr. Jones filed his union grievance and apparently mailed his EEO complaint to an EEO counselor. Mr. Jones then mailed the EEO complaint to an EEO officer in Washington, D.C. on March 31, 1988. Under 29 C.F.R. § 1613.214(a)(3), an EEO complaint is deemed filed on the date it is mailed to an "appropriate official" designated to receive complaints. Since Mr. Jones has not shown that the EEO counselor is an "appropriate official" designated to receive complaints, the EEO complaint was not filed until March 31, 1988. Therefore, his election to file a union grievance preempted his EEO complaint and precluded him from appealing the EEO decision to the MSPB.
 
 
 6
 We have reviewed all of Mr. Jones's arguments on appeal. The MSPB's decision must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Accordingly, finding no such error here, we affirm.
 
 
 
 [1]
 A mixed case appeal is an appealable adverse action in which it is alleged that a basis for the action is prohibited discrimination. See Ballentine v. Merit Systems Protection Board, 738 F.2d 1244, 1245 (Fed.Cir.1984)
 
 
 [2]
 5 U.S.C. § 7121(d) provides in relevant part:
 An aggrieved employee affected by a prohibited personnel practice ... which also falls under the coverage of the negotiated grievance procedure may raise the matter under a statutory procedure or the negotiated procedure, but not both. An employee shall be deemed to have exercised his option under this subsection to raise the matter ... at such time as the employee timely initiates an action under the applicable statutory procedure or timely files a grievance in writing ... whichever event occurs first. Selection of the negotiated procedure in no manner prejudices the right of an aggrieved employee to request the [MSPB] to review the final decision pursuant to section 7702.... [Emphasis ours.]
 
 
 [3]
 29 C.F.R. § 1613.219(b) provides in relevant part:
 In cases where a person is covered by a negotiated grievance procedure permitting allegations of discrimination, a person wishing to file [an EEO] complaint or a grievance on a matter of alleged employment discrimination must elect the forum in which to pursue the matter: either the process described in this part or a negotiated grievance procedure. An aggrieved employee who files a grievance in writing with an agency ... may not thereafter file a complaint on the same matter ... irrespective of whether the grievance has raised an allegation of discrimination....