991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gerald L. BRUMLEY, Appellant,
v.
Daniel R. LEVINSON, Chairman, in his official capacity
constituting and comprising The Merit Systems Protection
Board; Antonio C. Amador, Vice Chairman, in his official
capacity constituting and comprising The Merit Systems
Protection Board; Jessica L. Parks, Member, in her official
capacity constituting and comprising The Merit Systems
Protection Board, Appellees.
 No. 92-3026EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: April 27, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gerald L. Brumley appealed to the Merit Systems Protection Board (Board) a federal agency's decision not to restore Brumley to duty, alleging the agency discriminated against him. After more than 120 days passed without a final Board decision, Brumley declared his administrative remedies were exhausted and filed suit against the federal agency in the district court. 5 U.S.C. § 7702(a)(1) (1988). Despite Brumley's declaration of exhaustion, the Board's administrative law judge (ALJ) determined Brumley had not proven recovery from his disability and dismissed Brumley's appeal for lack of jurisdiction without reaching the discrimination allegations. Brumley petitioned the Board to declare the ALJ had lost jurisdiction. The Board denied Brumley's petition, and the ALJ's opinion became the final Board decision. Brumley then filed this action in the district court against several Board members contending the Board's decision was void for lack of jurisdiction and the Board, through the ALJ, discriminated against him. Concluding it did not have jurisdiction to review the Board's decision, the district court dismissed Brumley's action. Brumley appeals.
 
 
 2
 The district court correctly determined it lacked jurisdiction to review the Board's decision. Under 5 U.S.C. § 7703(b)(1), petitions to review the Board's final decisions must be filed in the Court of Appeals for the Federal Circuit unless the Board has decided discrimination issues on the merits. Ballentine v. Merit Sys. Protection Bd., 738 F.2d 1244, 1246-47 (Fed. Cir. 1984). " [T]hreshold issues [like] the [Board's] own jurisdiction arise continually on appeal to [the Federal Circuit]." Id. Because the Board dismissed Brumley's appeal for lack of jurisdiction without addressing the merits of Brumley's discrimination claim, Brumley should have appealed the Board's decision to the Federal Circuit. Brumley's claim that the Board, through the ALJ, discriminated against him is related to the jurisdictional issue the ALJ decided and is not properly before us. See id. at 1246.
 
 
 3
 Brumley had thirty days from the date he received the Board's final decision to file an appeal. 5 U.S.C. § 7703(b)(1) (1988). Because Brumley filed this action in the district court more than sixty days after the Board's decision, it is untimely as an appeal from a Board decision. Thus, transfer of the action to the Federal Circuit is not in the interest of justice. 28 U.S.C. § 1631 (1988).
 
 
 4
 Accordingly, we affirm.