61 F.3d 920
 66 Empl. Prac. Dec. P 43,641
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Norman H. TAYLOR, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 95-3289.
 United States Court of Appeals, Federal Circuit.
 July 18, 1995.
 
 D.Md.
 TRANSFERRED.
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Norman H. Taylor moves for a transfer of his case to the United States District Court for the District of Maryland (the district court), from which the case was transferred to this court. See Taylor v. Brown, Civ. No. DKC 92-1799 (D.Md. Jan. 31, 1995). Respondent Department of Commerce (Commerce) agrees that we should transfer the case back to the district court. Because we lack jurisdiction over Taylor's case, we transfer it to the district court pursuant to 28 U.S.C. Sec. 1631.
 
 DISCUSSION
 
 2
 Due to the nature of this case, a brief review of its procedural history is appropriate. On March 11, 1990, Taylor was permanently reassigned, without any change to his grade or pay, to a different position within the National Institute of Standards and Technology, where he is employed. Taylor believed that his reassignment was in retaliation for a previous age discrimination suit against Commerce, and that such retaliation violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634, and also constituted a prohibited personnel practice under 5 U.S.C. Secs. 2301-2302.
 
 
 3
 Accordingly on December 27, 1990, pursuant to 29 U.S.C. Sec. 626(d), Taylor notified the Equal Employment Opportunity Commission of his intent to sue Commerce for violations of the ADEA. Before filing suit, however, on October 1, 1991, Taylor filed a report of prohibited personnel practices with the Office of Special Counsel (OSC). Subsequently, the OSC found insufficient evidence of prohibited personnel practices to justify any further action. On January 6, 1992, Taylor timely appealed the OSC's decision to the Merit Systems Protection Board (Board). On May 7, 1992, the Board issued an initial decision dismissing Taylor's appeal for lack of jurisdiction; the initial decision became final on June 11, 1992, when Taylor failed to petition the Board for review. Taylor did not appeal the Board's final decision to this court.
 
 
 4
 Instead, on June 26, 1992, Taylor filed a complaint in the district court alleging that his reassignment resulted from age discrimination, in violation of the ADEA. Taylor later amended his complaint to allege that the reassignment also constituted a prohibited personnel practice under 5 U.S.C. Secs. 2301-2302. On January 31, 1995, the district court transferred Taylor's case to this court for a determination of whether, under 5 U.S.C. Sec. 7702, the district court has jurisdiction to consider Taylor's discrimination and prohibited personnel practice claims, or whether Taylor was required to appeal the Board's decision to this court before seeking review in the district court. See Taylor v. Brown, slip op. at 8-9.
 
 
 5
 The district court apparently treated Taylor's claims as a "mixed case" appeal of the Board's decision. See id. However, Taylor never appealed or otherwise challenged the Board's decision in the district court. Nor has he ever challenged the Board's decision in this court. Rather, Taylor's discrimination claim before the district court constituted an original action seeking a jury trial on the merits. See Cruz v. Department of the Navy, 934 F.2d 1240, 1247-48 (Fed.Cir.1991) (in banc) (stating in dictum that, in addition to appealing the Board's dismissal of a discrimination claim, a party alternatively may seek a de novo trial in the district court). Had Taylor actually challenged the Board's decision in the district court, rather than brought an original action therein, the district court would have been correct in transferring Taylor's case to this court, because the Board dismissed Taylor's claims for lack of jurisdiction rather than on the merits. See Ballentine v. Merit Sys. Protection Bd., 738 F.2d 1244, 1247-48 (Fed.Cir.1984) (holding that in "mixed" discrimination cases, this court rather than the district court has jurisdiction to consider procedural questions regarding the Board's jurisdiction).
 
 
 6
 This court's jurisdiction is limited to those matters set out by statute. Chertkov v. Office of Personnel Management, 52 F.3d 961, 966 (Fed.Cir.1995). Taylor's complaint before the district court represents an original action, not an appeal. For this reason, we do not have jurisdiction with respect to the claims asserted by Taylor. 28 U.S.C Sec. 1295 (1988 & Supp. IV 1992). We therefore transfer the case to the United States District Court for the District of Maryland. 28 U.S.C. Sec. 1631 (1988).
 
 
 7
 Each party shall bear its own costs.