74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melvin E. FLEMING, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3775.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1996.
 
 Before RICH, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Melvin E. Fleming petitions for review of the final decision of the Merit Systems Protection Board, Docket No. CH-0752-94-0936-I-1, upholding his removal from the U.S. Postal Service. Because Fleming has not abandoned his discrimination claim, this court does not have jurisdiction over the appeal; the petition is therefore dismissed.
 
 DISCUSSION
 
 2
 On July 5, 1994, the Postal Service removed Fleming from his position as a distribution clerk based on several instances of taking unscheduled leave and being absent without official leave. Fleming appealed the agency's decision to the Board claiming, inter alia, that the agency discriminated against him based on his race. According to Fleming, who is black, the agency failed to offer him a "last chance" settlement agreement of the sort that was offered to certain white employees facing similar adverse agency action.
 
 
 3
 In her initial decision of March 22, 1995, an administrative judge rejected Fleming's discrimination defense, finding that he was not similarly situated to the employees who had received such settlement agreements. On July 21, 1995, the Merit Systems Protection Board issued its final decision denying Fleming's petition for review.
 
 
 4
 On August 17, 1995, Fleming instituted a civil action in the United States District Court for the Southern District of Indiana (Civil Action No. 95-1066), charging the Postal Service with discrimination in connection with his removal. Subsequently, on August 25, 1995, Fleming sought review of the MSPB's July 21, 1995, order by filing both a petition for review in this court and a petition for review in the Equal Employment Opportunity Commission (EEOC). The EEOC subsequently denied Fleming's petition because of the pendency of the civil action in the United States District Court in Indiana. This court must also deny Fleming's petition.
 
 
 5
 Final orders or decisions of the Board regarding adverse agency actions are generally reviewable by this court. 5 U.S.C. Sec. 7703(b)(1). Cases involving certain statutorily defined discrimination claims, however, are not appealable to this court. See 5 U.S.C. Secs. 7702(a)(1), 7703(b)(2); Williams v. Department of the Army, 715 F.2d 1485, 1490 (Fed.Cir.1983). Those cases are appealable, instead, to either the district courts or the EEOC. See 5 U.S.C. Secs. 7702(a)(3)(A), 7702(b)(1); Ballentine v. Merit Systems Protection Board, 738 F.2d 1244, 1246 (Fed.Cir.1984).
 
 
 6
 The discrimination claim that Fleming has raised both in this court and in the district court is based at least in part on the Rehabilitation Act of 1973, one of the discrimination statutes identified in section 7702(a)(1). A request for judicial review based on a discrimination claim under the Rehabilitation Act of 1973 must be directed to a district court, not to this court. See 5 U.S.C. Sec. 7703(b)(2) (barring this court from exercising jurisdiction over cases of discrimination, including discrimination under the Rehabilitation Act of 1973, for which judicial review must be sought in district court under 42 U.S.C. Sec. 2000e-16(c), made applicable to Rehabilitation Act claims by 29 U.S.C. Sec. 794a). We therefore dismiss Fleming's petition for lack of jurisdiction.