[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2011
JOHN LEY
CLERK

No. 11-11839
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00761-MHT-WC

BUTLER B. BROWDER,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL, U.S. POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 22, 2011)

Before EDMONDSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Butler E. Browder, proceeding pro se, appeals from the district court's dismissal of his complaint for lack of subject matter jurisdiction.

Browder, a 37-year employee of the U.S. Postal Service, sued the Postmaster General (1) alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 2000e-17, and (2) seeking enforcement of Browder's 2006 settlement agreement with the Postal Service that resolved his earlier employment-discrimination claims. The U.S. Merit Systems Protection Board ("MSPB") concluded that the Postal Service did not breach the 2006 settlement agreement and denied Browder's petition to enforce the agreement. Browder then filed this complaint alleging that the Postal Service breached the settlement agreement and that, as a result, he is entitled to pursue his underlying employment-discrimination claims. After review, we conclude that the district court properly dismissed this action for lack of subject matter jurisdiction.

## I. PROCEDURAL BACKGROUND

### A. 2006 Settlement Agreement

In late 2005 or early 2006, Browder complained of race-discrimination in his Montgomery, Alabama mail facility. In February 2006, the Postal Service fired Browder based on certain misconduct. Browder then filed with the Postal

2

Service an administrative Equal Employment Opportunity complaint alleging race-discrimination and retaliation. On July 31, 2006, the Postal Service found no discrimination or retaliation with respect to Browder's discharge. On August 21, 2006, Browder appealed to the MSPB.

While Browder's MSPB appeal was pending, the National Postal Mail Handlers Union pursued a contractual grievance on Browder's behalf. That grievance was submitted to arbitration, and in November 2006, the arbitrator sustained Browder's discharge.

On December 4, 2006, while Browder's MSPB appeal was still pending, Browder and the Postal Service settled Browder's race-discrimination and retaliation claims. The tape-recorded, verbal agreement provided for Browder's reinstatement and his retirement under specified conditions, and for the dismissal of Browder's MSPB appeal and all of his other grievances. The settlement agreement also provided that Browder would be permitted to use his accrued sick leave before his retirement became effective and that his unused annual leave would be credited in a cash award. An administrative law judge ("ALJ") read aloud these terms into the MSPB record. The ALJ found the settlement agreement valid and dismissed Browder's MSPB appeal.

Later that same day, Browder attempted to file a pleading with the ALJ to set aside the settlement agreement.[1]  Eight days later, Browder filed a petition, challenging the validity of the settlement agreement, before the full board of the MSPB.  The full board of the MSPB denied Browder's petition in March 2007.  Browder then appealed the MSPB's ruling to the Equal Employment Opportunity Commission, which found that it lacked jurisdiction to review a settlement agreement executed before the MSPB.

**B.  Browder's 2007–2008 Lawsuit**

Proceeding pro se, Browder sued the Postmaster General in the U.S. District Court for the Middle District of Alabama in June 2007.  Browder's 2007 complaint alleged retaliatory discharge and race-discrimination, in violation of Title VII.  The Postal Service moved to dismiss, arguing that the settlement agreement deprived the district court of jurisdiction to hear Browder's claims.  In response, Browder claimed that the settlement agreement was invalid because it was not in writing and the Postal Service coerced him into accepting it.

In March 2008, the district court adopted the magistrate judge's report and recommendation ("the report") and dismissed Browder's complaint for lack of subject matter jurisdiction.  Browder v. Potter, No. 2:07-CV-546-MEF, 2008 WL

---

[1] The record does not indicate what action, if any, the ALJ took on Browder's filing.

822132, at \*5 (M.D. Ala. Mar. 26, 2008) (unpublished).  The report explained that the district court has jurisdiction to hear a federal employee's Title VII claim only if the employee has exhausted his administrative remedies against the federal employer.  Id. at \*4 (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 832, 96 S. Ct. 1961, 1967 (1976)).  Because Browder settled his claims before the MSPB ruled on his appeal, he failed to exhaust his administrative remedies.  Id. at \*5.

Alternatively, the district court dismissed Browder's 2007 complaint because the MSPB did not resolve Browder's discrimination claims on the merits. Id. at \*6.  Under 5 U.S.C. § 7702 and § 7703, the district court has limited jurisdiction to review MSPB rulings, but only if the employee's claim is based in whole or in part on discrimination (termed a "mixed case") and the MSPB resolves the "mixed case" on the merits.  Id. at \*4–5; see Ballentine v. Merit Systems Protection Bd., 738 F.2d 1244, 1246 (Fed. Cir. 1984); see also 29 C.F.R. § 1614.302(a) (defining a "mixed case complaint" as a complaint of employment discrimination "related to or stemming from an action that can be appealed" to the MSPB).  Generally speaking, after proceeding to the MSPB, a federal employee must file any further appeal with the Court of Appeals for the Federal Circuit.  5 U.S.C. § 7703(b)(1).  Due to the settlement agreement, the MSPB had not addressed the merits of Browder's discrimination claims.  Accordingly, the district

5

court dismissed Browder's complaint in March 2008. Lacking subject matter jurisdiction, the district court did not reach Browder's challenges to the validity of the settlement agreement. Browder, 2008 WL 822132 at *6 n.4. Browder did not appeal this dismissal.

## C. 2009 Petition to Enforce

In 2009, before the MSPB, Browder filed a petition to enforce the 2006 settlement agreement entered into before the MSPB. Browder claimed that the Postal Service had breached the settlement agreement by not permitting Browder to use his sick leave prior to retiring and by not crediting his unused annual leave in a cash award. In December 2009, the ALJ denied Browder's petition on grounds that (1) the Postal Service had not breached the agreement, and (2) Browder's voluntary actions made the Postal Service's compliance impossible.[2]

---

[2] The Postal Service did not credit Browder's accrued annual or sick leave, per the terms of the settlement agreement. The ALJ explained that Browder, before entering into the December 2006 settlement agreement, had already signed the paperwork to retire and had chosen March 6, 2006 as his effective retirement date, as follows:

> It is undisputed that, even prior to entering into the [settlement] agreement, on October 24, 2006, [Browder] completed the necessary paperwork to retire. Inasmuch as [Browder] was absent from work and not in a pay status for a lengthy period of time, he backdated his retirement date by designating March 6, 2006, as the effective date of his retirement. [Browder] submitted the paperwork to the [Postal Service] such that the [Postal Service] received the paperwork just four days after the settlement agreement. In response, the [Postal Service] sent to [Browder] an "Acknowledgment of Understanding" that stated the retirement date as March 6, 2006. [Browder] does not dispute that he both signed the "Acknowledgment of Understanding" and placed his initials (BBB) next to the retirement date of March 6, 2006.

Because Browder himself made his retirement effective as of March 6, 2006, the Postal Service

The full board of the MSPB denied Browder's petition for review of the ALJ's decision.

## D.  This 2010 Lawsuit

In September 2010, Browder again sued the Postmaster General in the U.S. District Court for the Middle District of Alabama.  In his complaint, Browder again alleged that the Postal Service discriminated and retaliated against him, in violation of Title VII, and breached the settlement agreement by not crediting his accrued sick and annual leave.  On February 24, 2011, the magistrate judge issued a report and recommendation concluding that, given the earlier lawsuit, Browder's discrimination claims were barred by the doctrine of issue preclusion.  In addition, the magistrate judge determined that the district court lacked jurisdiction over Browder's discrimination claims for the same reasons it lacked jurisdiction over his 2007 claims: Browder had settled those claims and failed to exhaust his administrative remedies, and the MSPB had not decided Browder's "mixed case" discrimination claim on the merits.

The magistrate judge also recommended dismissing on jurisdictional

---

could not add sick-leave time to his service time in December 2006, <u>after</u> he had already retired effective March 2006.  As a result, the ALJ concluded that Browder's actions rendered compliance by the Postal Service impossible and "cancelled the benefit of his bargain in the settlement agreement."

grounds Browder's claim that the Postal Service breached the settlement agreement. Browder's challenge to the settlement agreement was not a "mixed case," but was an improper appeal of the MSPB's order denying his petition to enforce the settlement agreement. Because the district court has jurisdiction to review only "mixed case[s]" decided on the merits by the MSPB, the district court lacked jurisdiction to hear Browder's claims with respect to the settlement agreement. See Ballentine,738 F.2d at 1246; see also 29 C.F.R. § 1614.302(a). The district court adopted the magistrate judge's report and recommendation, and Browder timely appealed.[3]

## II. DISCUSSION

A federal employee must pursue and exhaust administrative remedies before filing an action under Title VII. Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). The MSPB is "an administrative agency that has jurisdiction over specified adverse employment actions affecting federal civil servants, including terminations, demotions, and suspensions." Chappell v. Chao, 388 F.3d 1373, 1375 (11th Cir. 2004) (internal quotation marks omitted); 5 U.S.C. § 7512 (detailing adverse employment actions subject to the MSPB's jurisdiction). A

---

[3] We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006).

federal employee who alleges that an appealable adverse action was based in whole or in part on discrimination presents a "mixed case" that may be appealed directly to the MSPB. Chappell, 388 F.3d at 1375; 5 U.S.C. § 7702(a)(1)(B) (providing that the MSPB shall decide issues of discrimination that accompany actions otherwise appealable to the MSPB); 29 C.F.R. § 1614.302(a).

Except for cases including discrimination claims, a petition to review a final decision of the MSPB "shall be filed" in the U.S. Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b). However, if the MSPB rejects an employee's claims in a mixed case, the employee may either (1) appeal the discrimination claim to the EEOC; (2) appeal the entire case or any part thereof to the appropriate district court; or (3) waive the discrimination claim and appeal to the Federal Circuit. Id. §§ 7702(a)(1), 7703(b); 5 C.F.R. §§ 1201.157, 1201.175. Unless the discrimination claim and the appealable action have been decided on the merits by the MSPB, an employee has no statutory right to a trial de novo in a district court. Ballentine, 738 F.2d at 1246.

Browder's instant complaint stemmed from an enforcement action that he had filed with the MSPB, in which he contended that the Postal Service had breached the settlement agreement. The MSPB found that the Postal Service had not breached the agreement, and in so ruling, never addressed Browder's

9

underlying discrimination claims on the merits. As such, the district court lacked jurisdiction to review the MSPB's final decision, and Browder's sole avenue for relief was to appeal to the Federal Circuit. See 5 U.S.C. §§ 7702(a)(1), 7703(b). Accordingly, the district court properly dismissed Browder's complaint for lack of subject matter jurisdiction.

## III. CONCLUSION

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**