# United States Court of Appeals for the Federal Circuit

---

**MARISA E. DIGGS,**
*Petitioner,*

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,**
*Respondent.*

---

2010-3193

---

Petition for review of the Merit Systems Protection Board in case no. DC-0752-09-0594-I-1.

---

Decided: November 1, 2011

---

MARISA E. DIGGS, of Washington, DC, pro se.

KATY M. BARTELMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel was MATTHEW H. SOLOMSON, Trial Attorney.

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Marisa E. Diggs petitions for review of the final decision of the Merit Systems Protection Board (the "Board") affirming Ms. Diggs's removal from the Department of Housing and Urban Development (the "agency") for misconduct. *Diggs v. Dep't of Hous. & Urban Dev.*, 2010 M.S.P.B. 151 (Jul. 22, 2010). Because Ms. Diggs's petition presents a "mixed case" involving a claim of discrimination, we dismiss for lack of jurisdiction.

BACKGROUND

The agency removed Ms. Diggs from her GS-343-09 Management Analyst Position based on two charges: (1) rude, disruptive, aggressive, or intimidating behavior; and (2) misrepresentation. Both charges stemmed from Ms. Diggs's conduct on January 17, 2008. As to the first charge, the agency alleged that Ms. Diggs verbally berated her supervisor, Ms. Charlene Dean, approached her in a hostile manner, and told Ms. Dean that she "would be sorry." The agency further alleged that, later that day, Ms. Diggs spoke to another supervisor, Ms. Renee C. Brown, in an agitated manner with her voice raised, was rude and threatening to a coworker, and disobeyed an instruction from Ms. Brown. With respect to the second charge, the agency alleged that Ms. Diggs misrepresented some of these events to other agency officials.

Ms. Diggs appealed her removal to the Board, denying the charges in their entirety. She also alleged that the agency removed her in retaliation for prior Equal Employment Opportunity ("EEO") activity, specifically earlier claims of sex discrimination. After a hearing, the Administrative Judge ("AJ") issued an initial decision affirming the agency's removal action. The AJ found that

the agency proved its charges, the penalty was reasonable, and Ms. Diggs failed to prove her affirmative defense of retaliation.

Ms. Diggs filed a petition for review, requesting that the full Board reconsider the AJ's Initial Decision. Though the Board concluded that the petition did not meet the criteria for review, it reopened the case on its own motion pursuant to 5 C.F.R. § 1201.118. Finding no error in the Initial Decision, the Board affirmed.

On August 31, 2010, Ms. Diggs filed a petition with the Equal Employment Opportunity Commission ("EEOC") seeking review of the Board's final decision. In her petition, Ms. Diggs argued that her removal was in retaliation for complaints of sex discrimination she registered with the EEOC in late 2007. Upon review of the record, the EEOC found that, though Ms. Diggs had established a prima facie case of discriminatory retaliation given her record of prior protected activity, the evidence supported the conclusion that her removal was not motivated by retaliatory animus.

Ms. Diggs also appealed the Board's final decision to this court. Upon initial review of Ms. Diggs's appeal, we determined that, given recent developments in the law, there was some question regarding our jurisdiction to consider claims from federal-sector employees who assert claims of retaliation based on earlier EEO activity. Given our obligation to assess the contours of federal jurisdiction in every case, we entered an order inviting supplemental briefing from the parties regarding this important question. *Diggs v. U.S. Dep't of Hous. & Urban Dev.*, No. 2010-3193, Dkt. No. 26 (Fed. Cir. Jul. 29, 2011) (order inviting further briefing). Both parties filed briefs asking this

court to exercise jurisdiction over Ms. Diggs's appeal.[1] *Id.*, Dkt. Nos. 31, 32. Though we have considered the parties' submissions carefully, for the reasons set forth below, we disagree with both Ms. Diggs and the government regarding the scope of our jurisdiction.

## DISCUSSION

Before we can reach the merits of a case, we must assess whether we may exercise subject matter jurisdiction, even if we make that assessment on a sua sponte basis. *Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330 (Fed. Cir. 2007). Although neither party initially raised the issue, subject matter jurisdiction cannot be conferred by waiver, estoppel, or consent. *See Brazos Elec. Power Coop. v. U.S. Dep't of Agric.*, 144 F.3d 784, 788 (Fed. Cir. 1998) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

This court has limited jurisdiction over appeals from the Board. In particular, we lack jurisdiction over "mixed" cases – i.e., those involving both: (1) "a specific type of action against an agency which may be appealed to the [Board]"; and (2) "an allegation in the nature of an affirmative defense that *a basis for the action* was discrimination within one of the categories" listed in 5 U.S.C. § 7702(a)(1)(B).[2] *Williams v. Dep't of Army*, 715 F.2d

---

[1] Because Ms. Diggs is appearing before the court pro se, the court initially appointed counsel to assist her in complying with her obligation to file a timely brief on the jurisdictional question posed. Ms. Diggs objected to the appointment of counsel, however, and made it clear that she preferred to proceed pro se. The court honored Ms. Diggs's request and vacated the order appointing counsel to assist her.

[2] In a mixed case involving both an adverse action claim and a discrimination claim, we have jurisdic-

1485, 1487 (Fed. Cir. 1983) (en banc) (emphasis in original) ("[Section] 7702 . . . defines the types of 'cases of discrimination' which are excluded from the jurisdiction of this court . . . ."). Section 7702(a)(1)(B), in turn, sets forth the following categories of discrimination:

(B) . . . discrimination prohibited by–

(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),

(ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206 (d)),

(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

(iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

(v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph . . . .

5 U.S.C. § 7702(a)(1)(B). Because Ms. Diggs's removal from the agency was an action appealable to the Board, *see* 5 U.S.C. § 7701; 5 C.F.R. § 1201.3, our jurisdiction turns on whether she alleged that one of the above-listed forms of discrimination was the basis for her removal. We find that she did.

As an affirmative defense, Ms. Diggs alleged that the agency removed her in retaliation for prior EEO activity,

---

tion over the adverse action claim if "any claim of discrimination . . . raised before the Board has been abandoned and will not be raised or continued in this or any other court." Fed. Cir. R. 15(c). Ms. Diggs has not abandoned her discrimination claim; it is, in fact, her asserted defense to the misconduct charges against her.

which included complaints of sex discrimination. It is well-established that Section 704 of Title VII (codified in 42 U.S.C. § 2000e-3) prohibits private employers from retaliating against an employee who files an EEO complaint premised on employment practices prohibited by Title VII. *See, e.g.*, *Washington v. Garrett*, 10 F.3d 1421, 1435 (9th Cir. 1993); *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42-43 (5th Cir. 1992); *see also* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . ."). It is less clear, however, whether Title VII's federal-sector provision, 5 U.S.C. § 717, incorporating 42 U.S.C. § 2000e-16, gives rise to a private right of action when the government engages in such retaliation. If it does, Ms. Diggs's allegation that she was removed in retaliation for EEO activity constitutes discrimination prohibited by Section 717 of Title VII and, thus, renders her petition a mixed case over which we lack jurisdiction under 7702(a)(1)(B)(i). *See Williams*, 715 F.2d at 1487.

While two non-binding decisions of ours have reached conflicting results,[3] our sister circuits to have addressed

---

[3] In *Cruz v. Dep't of Navy*, we rejected the government's "conten[tion] that reprisal for EEO involvement is not discrimination encompassed within the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16," but this decision was vacated and reversed *en banc*. 906 F.2d 689, 690-91 (Fed. Cir. 1990), *rev'd en banc on other grounds* 934 F.2d 1240 (Fed. Cir. 1990). A decade later, however, we reached a contrary result, holding that, notwithstanding petitioner's claim that an agency retaliated "against her for having filed an EEO complaint," petitioner failed to "allege that a basis for the agency's action was discrimination within one of the categories listed in § 7702." *Baker v. Dep't of*

the issue agree that § 717 prohibits the government from engaging in retaliation based on the assertion of a claim premised on discrimination prohibited by Title VII.  *See Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011) ("Although neither the Supreme Court nor our court has squarely addressed whether 2000e-16(a) prohibits retaliation, . . . reading [42 U.S.C. §§ 2000e-16(d) and 2000e-5(g)] together leaves us with little doubt that Congress 'incorporated the protections against retaliation' afforded to private employees by 2000e-3(a)." (quotations and citations omitted)); *Gomez-Perez v. Potter*, 476 F.3d 54, 60 (1st Cir. 2007) ("In Title VII, Congress intended for 42 U.S.C. § 2000e-16 . . . to incorporate the provisions applicable to the private sector, including the private-sector anti-retaliation provision."), *rev'd on other grounds*, 553 U.S. 474 (2008); *Porter v. Adams*, 639 F.2d 273, 277-278 (5th Cir. 1981) ("[B]y drafting § 717 to prohibit 'any discrimination,' Congress intended to bar the federal government from engaging in all those forms of discrimination identified in §§ 703 and 704 [the private-sector anti-retaliation provision], and others as well."); *Ayon v. Sampson*, 547 F.2d 446, 450 (9th Cir. 1976) ("We conclude that in enacting § 2000e-16, Congress intended to, and did incorporate into that section the provisions of the Civil Rights Act prohibiting harassment or retaliation for the exercise of those remedial rights established by the Act.").

The Supreme Court, moreover, reached a similar result when interpreting the federal-sector provision of the Age Discrimination in Employment Act of 1967 ("ADEA"), which "was patterned directly after Title VII's federal-sector discrimination" ban.  *See Gomez-Perez*, 553 U.S. at 487, 491 (internal quotation marks omitted) (holding that

---

*Interior*, No. 00-3174, 2000 WL 1681219, at *3 (Fed. Cir. Nov. 8, 2000).

the ADEA's parallel provision "prohibits retaliation against a federal employee who complains of age discrimination"). And, while it expressly declined to decide "whether Title VII bans retaliation in federal employment," the Supreme Court noted that, "[l]ike the ADEA's federal-sector provision, Title VII's federal-sector provision[] contains a broad prohibition of 'discrimination,' rather than a list of specific prohibited practices." *Id*. at 487, 488 n.4; *compare* 42 U.S.C. § 2000e-16(a) (personnel actions affecting federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin"), *with* 29 U.S.C. § 633a(a) (personnel actions affecting federal employees who are at least 40 years of age "shall be made free from any discrimination based on age").

Thus, our sister circuits and the Supreme Court have found that, when Congress broadly drafts provisions prohibiting "any discrimination" by the federal government, it intends to bar the government from engaging in, among other practices applicable to private employers, retaliation against an employee who complains of illegal discrimination. We agree, as apparently did the EEOC, when it adjudicated Ms. Diggs's retaliation claim.[4] Accordingly, because we find that Ms. Diggs's retaliation claim—premised as it was on her prior EEO activity—is a discrimination claim prohibited by "§ 717 of the Civil Rights Act of 1964," we find that her claims present a

---

[4] Notably, after the EEOC adjudicated her claim, Ms. Diggs was notified of her right to file a civil action "in an appropriate United States District Court" in order to challenge the EEOC's conclusion.

mixed case which falls outside our jurisdictional reach. *See* 5 U.S.C. § 7702(a)(1)(B).[5]

The parties' respective arguments urging that we exercise jurisdiction in this matter do not persuade us to the contrary. Ms. Diggs argues that, by accepting her case for filing and placing it on the calendar for resolution, this court necessarily has already exercised jurisdiction over her claim and may not now revisit that conclusion. Petitioner's Supp. Br. 2-5. Indeed, Ms. Diggs contends that this court's inquiry into the scope of its own jurisdiction is being conducted solely so as to delay resolution of her appeal, particularly because the government does not contest our authority to proceed. The government, on the other hand, cites to our decision in *Baker v. Dep't of Interior*, *supra* n.2, for the proposition that a reprisal claim, even when premised on prior EEO activity, is not a "discrimination claim" listed in § 7702 and is, accordingly, not excluded from our jurisdiction. Neither contention changes our mind.[6]

As for Ms. Diggs's assertions, while we understand how a pro se claimant might be surprised that a jurisdictional bar could be raised for the first time long after her appeal was docketed, it is the job of the panel who assesses the merits of an action, and not the Clerk's office

---

[5]   In her Supplemental Brief, Ms. Diggs confirms our characterization of her claim: "Petitioner contends that her case #2010-3193 is an employment matter and was appealed to the MSPB and her affirmative defense was 'retaliation for prior EEO activity.'"

[6]   The government also discounts the EEOC's resolution of Ms. Diggs's retaliation claim as based on a mistaken view of the law in this area. While the EEOC's interpretation of its own jurisdiction is not determinative of ours, it is notable that the EEOC also characterizes federal-sector retaliation claims as claims of discrimination under Title VII.

on intake or the parties in their briefing, to police its own jurisdiction. As noted earlier, moreover, neither the parties' consent to our jurisdiction nor the passage of time while a matter is pending can confer jurisdiction on this court where our jurisdiction is statutorily barred. *See Dunklebarger v. Merit Sys. Prot. Bd.*, 130 F.3d 1476, 1480 (Fed. Cir. 1997) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)) ("It is well settled that no action of the parties can confer subject-matter jurisdiction on a tribunal and that the principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so.").

The government's reliance on *Baker* is similarly unpersuasive. First, *Baker* was a nonprecedential decision, which is not binding on this panel. More importantly, the rationale employed in *Baker* is precisely that urged by the dissent and rejected by the majority in *Gomez-Perez*, 553 U.S. at 500-06 (Roberts, C.J., dissenting).[7] Despite the different statutory scheme at issue there, we find no sound basis upon which to distinguish the Supreme Court's analysis in *Gomez-Perez* from the circumstances presented here. We also decline to create a circuit split

---

[7] The government also cites *Webster v. Dep't of the Army*, 911 F.2d 679, 688-89 (Fed. Cir. 1990) and *Warren v. Dep't of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986) in support of its claim that we possess jurisdiction to consider this matter. Neither case supports the position the government urges here, however, because neither involved allegations of reprisal for prior EEO activity. *Webster* involved alleged retaliation for union activities and *Warren* involved retaliation for whistleblower activity. Neither form of retaliation is expressly excluded from the scope of our jurisdiction by § 7702 because neither constitutes discrimination prohibited by the statutory provisions enumerated therein.

regarding the scope of 5 U.S.C. § 717 and 42 U.S.C. § 2000e-16.

For all of these reasons, we hold that affirmative defenses of reprisal for prior EEO activity are assertion of discrimination under Title VII and within the meaning of 5 U.S.C. § 7702. Accordingly, we dismiss Ms. Diggs's appeal for lack of jurisdiction because it presents a "mixed case" which we may not review.

## DISMISSED

### COSTS

Each party shall bear its own costs.