NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUSAN G. HIRSCHFIELD,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-2607

---

Petition for review of the Merit Systems Protection Board in No. PH-0845-17-0035-I-1.

---

Decided: February 12, 2018

---

SUSAN G. HIRSCHFIELD, Leominster, MA, pro se.

VERONICA NICOLE ONYEMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before NEWMAN, MAYER, and STOLL, *Circuit Judges.*

PER CURIAM.

Susan G. Hirschfield appeals the final decision of the Merit Systems Protection Board ("board") which affirmed an annuity overpayment calculation by the Office of Personnel Management ("OPM"). *See Hirschfield v. OPM*, No. PH-0845-17-0035-I-1, 2017 MSPB LEXIS 2853 (June 28, 2017) ("*Board Decision*"). We affirm.

## I. BACKGROUND

Hirschfield was unmarried at the time of her retirement from federal service in January 2012. On May 5, 2015, she married Jean Roberta Rizzo, and on February 17, 2016, she elected a partial survivor annuity payable to Rizzo in the event of Hirschfield's death.

In April 2016, OPM informed Hirschfield that it had approved her survivor annuity request, but that her own gross annuity payment would be reduced to reflect the fact that she had elected a survivor annuity. OPM explained that Hirschfield's annuity payment should have been reduced as of March 2016, but erroneously had not been reduced until April 2016. It further explained that because the reduction in Hirschfield's annuity had been delayed for a month, she had received an overpayment of $240.00. Although OPM stated that it planned to withhold the overpayment from Hirschfield's July 2016 annuity payment, it informed her that she had the right to request reconsideration of its decision.

On April 27, 2016, Hirschfield sought reconsideration from OPM. She did not specifically contest the alleged overpayment of $240.00, but instead argued that OPM should have omitted the months between January 2012 and June 2013 when it calculated the actuarial reduction used to pay for her survivor annuity deposit. According to Hirschfield, OPM should not have included the period between January 2012 and June 2013 when calculating her required deposit because prior to *United States v.*

*Windsor*, 570 U.S. 744, 133 S. Ct. 2676, 2691–96 (2013) ("*Windsor*"), a federal employee could not elect a survivor annuity for a same sex partner. On September 20, 2016, OPM denied Hirschfield's request for reconsideration, stating that "[a]lthough [*Windsor*] ruled the Defense of Marriage Act was unconstitutional, there is no provision in law that allows OPM to omit the period of January 1, 2012 to June 25, 2013 from the computation of [an] elected survivor benefit."

Hirschfield then appealed to the board. She asserted that because same sex marriage was not recognized for federal benefits purposes until June 2013, OPM's decision to include the months between January 2012 and June 2013 in calculating her required survivor annuity deposit was "unjust, illegal, erroneous, and discriminatory." *Board Decision*, 2017 MSPB LEXIS 2853, at *9. On June 28, 2017, an administrative judge issued an initial decision concluding that OPM did not err when calculating the actuarial reduction owed by Hirschfield as a result of her survivor annuity election. *Id.* at *10–15. The administrative judge asserted that "if the period between [Hirschfield's] retirement and the *Windsor* decision [were] excluded from calculation of the deposit . . . [she] would receive a windfall at the expense of the retirement fund." *Id.* at *14.

Because Hirschfield did not petition the board for review of the administrative judge's decision, it became the final decision of the board. *See* 5 C.F.R. § 1201.113. Hirschfield then filed a timely appeal with this court. We subsequently issued an order inviting the parties to submit responses regarding whether this court could properly exercise jurisdiction over Hirschfield's appeal.

## II. Discussion

## A. Jurisdiction

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Although the parties do not contest our authority to consider this appeal, "every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction." *Id.* (citations and internal quotation marks omitted); *see Diggs v. HUD*, 670 F.3d 1353, 1355 (Fed. Cir. 2011) (explaining that "subject matter jurisdiction cannot be conferred by waiver, estoppel, or consent").

Our jurisdiction over appeals from the board is circumscribed by statute. *See* 5 U.S.C. § 7703(b); *see also id.* § 7702(a)(1). When an employee complains of a personnel action appealable to the board and asserts that the action was prompted, in whole or part, by sex discrimination prohibited by 42 U.S.C. § 2000e-16, he or she must appeal an adverse board decision to a federal district court rather than this court. *See Perry v. Merit Sys. Prot. Bd.*, – U.S. –, 137 S. Ct. 1975, 1988 (2017); *Kloeckner v. Solis*, 568 U.S. 41, 46–50 (2012).

Here, however, Hirschfield's pro se filings are most reasonably read not to assert a claim of unlawful sex discrimination, but instead to assert that 5 U.S.C. § 8418, the statute governing the calculation of a federal retiree's survivor annuity deposit, is unconstitutional because it treats persons in same sex unions differently than persons in opposite sex unions. Hirschfield's argument is predicated on *Windsor*, which held that a provision in the Defense of Marriage Act ("DOMA"), defining a "'marriage'" as "a legal union between one man and one woman," 1 U.S.C. § 7, was unconstitutional because it "violate[d] basic due process and equal protection princi-

ples applicable to the Federal Government." 133 S. Ct. at 2693. Hirschfield's argument before the board was that OPM's application of section 8418 did not "promote[] equal rights" because when it calculated her required survivor annuity deposit it included months when she could not elect a survivor annuity for a same sex partner. Gov't App. 77; *see also id.* 78–80. In essence, Hirschfield's claim is that section 8418 is unconstitutional because it is inconsistent with *Windsor* and violates the equal protection rights of federal retirees in same sex unions. *See id.* 70, 79–80.

We have authority to consider Hirschfield's claim that section 8418 is unconstitutional. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 17 (2012) (stating that "the Federal Circuit, an Article III court," was "fully competent to adjudicate" a claim that the Military Selective Service Act, 50 U.S.C. § 453, was unconstitutional because it treats men and women differently); *Becker v. OPM*, 853 F.3d 1311, 1313 (Fed. Cir. 2017) (reviewing a petitioner's claim that a federal survivor benefits statute was unconstitutional); *Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1312 (Fed. Cir. 2003) (reviewing a federal employee's claim that the Hatch Act, which prohibits federal employees from running for elected office, "denied the constitutional guarantee of equal protection"). We therefore turn to the merits of Hirschfield's appeal.

## B. Equal Protection

The Due Process Clause of the Fifth Amendment includes equal protection components, and Fifth Amendment equal protection claims are treated the same as Fourteenth Amendment equal protection claims. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) ("While the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is so unjustifiable as to be violative of due process. This Court's approach to Fifth Amendment equal protection claims has

always been precisely the same as to equal protection claims under the Fourteenth Amendment." (citations and internal quotation marks omitted)). "The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." *Windsor*, 133 S. Ct. at 2695.

A concern for unequal benefits and burdens animated the Supreme Court's decision in *Windsor*. The Court focused on the fact that "[u]nder DOMA, same-sex married couples have their lives burdened, by reason of government decree, in visible and public ways." *Id.* at 2694. For example, because DOMA defined a "'marriage'" as "a legal union between one man and one woman," 1 U.S.C. § 7, it prevented persons in same sex unions from utilizing the federal estate tax exemption for surviving spouses. *Windsor*, 133 S. Ct. at 2683–84. It also prohibited persons in same sex unions "from obtaining government healthcare benefits they would otherwise receive" and prevented "them from being buried together in veterans' cemeteries." *Id.* at 2694.

Here, however, Hirschfield fails to show that section 8418—the statute governing the calculation of the deposit required when a federal employee enters into a post-retirement marriage and elects a survivor annuity— imposes unequal burdens on same sex couples. In pertinent part the statute provides:

> An individual who makes [a survivor annuity election for a post-retirement marriage] . . . shall deposit into the [Retirement] Fund an amount determined by [OPM] (as nearly as may be administratively feasible) to reflect the amount by which the annuity of such individual would have been reduced if the election had been in effect since the date of retirement.

5 U.S.C. § 8418(a)(1).

By its plain terms, section 8418 mandates that when a federal employee enters into a post-retirement marriage and elects a survivor benefit, he or she must pay a "deposit" equal to the amount that the employee's own annuity payments would have been reduced if the election had been made at the time of retirement. This deposit is calculated in the same way regardless of whether a retiree elects a survivor benefit for a same sex spouse or an opposite sex spouse. *See id*; *see also id.* § 8419(a)(1).

Hirschfield fails to show that she has suffered any prejudice, in terms of the amount that she is required to pay for the survivor benefit she elected for her spouse, by virtue of the fact that DOMA prohibited the election of survivor benefits for same sex partners in the period between when she retired from the federal service and when *Windsor* was decided. It is true that if *Windsor* had been decided prior to Hirschfield's retirement, she could have elected a survivor benefit for a same sex spouse at the time of her retirement. Importantly, however, if she had made such an election, her own annuity payment would have been reduced significantly. *See* 5 C.F.R. § 842.606. In this scenario, she would not have had to pay a "deposit" under section 8418 because she would have been receiving a reduced annuity payment every month following her retirement. As it was, however, Hirschfield collected an unreduced annuity payment in the months following her retirement, and she therefore must now pay a survivor benefit deposit "reflect[ing] the amount by which [her] annuity . . . would have been reduced if the election had been in effect since the date of retirement." 5 U.S.C. § 8418(a)(1).

Hirschfield's claim that she was somehow financially penalized for her inability to elect a survivor annuity for a same sex spouse prior to June 2013 ignores the "actuarial realities" of the statutory scheme for federal survivor benefits. *Board Decision*, 2017 MSPB LEXIS 2853, at *14. She is required to pay a survivor benefit deposit now

not because section 8418 treats opposite sex couples differently than same sex couples, but because she collected unreduced annuity payments after her retirement. *See id.* (explaining that the purpose of the survivor annuity deposit is "to compensate the retirement fund for the period during which [a federal retiree] collected an unreduced annuity," and that "if the period between [Hirschfield's] retirement and the *Windsor* decision [were] excluded from calculation of the deposit . . . [she] would receive a windfall at the expense of the retirement fund"). We reject, therefore, Hirschfield's claim that section 8418 abridges her constitutional equal protection guarantee.

### III. CONCLUSION

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

### AFFIRMED

### COSTS

No costs.