NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**T'NORA SCOTT GREEN-DOYLE,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2019-1955

---

Petition for review of the Merit Systems Protection Board in No. DC-0432-18-0711-I-1.

---

Decided: June 16, 2020

---

T'NORA SCOTT GREEN-DOYLE, Dumfries, VA, pro se.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before PROST, *Chief Judge,* DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner T'Nora Scott Green-Doyle seeks review of a Merit Systems Protection Board ("MSPB") final decision sustaining her removal from Respondent Department of Homeland Security ("DHS"). *See Green-Doyle v. DHS,* No. DC-0432-18-0711-I-1, 2019 WL 1780468 (M.S.P.B. Apr. 18, 2019) (S.A. 5–36).[1]  Because Ms. Green-Doyle presents us with a "mixed case" involving an action against DHS appealable to the MSPB and an affirmative defense of discrimination, we dismiss for lack of jurisdiction.

## BACKGROUND

Prior to her removal in 2018, Ms. Green-Doyle was employed as an education specialist with the U.S. Coast Guard ("USCG") Child Development Center ("CDC") in Washington, D.C.  S.A. 40–41.  In June 2016, the CDC provided Ms. Green-Doyle with a performance plan, outlining the "[C]ore [C]ompetencies that would be used to evaluate [her] performance[.]"  S.A. 44.  The Core Competencies included:  (1) customer service; (2) communication; and (3) timeliness and quantity of work.  S.A. 44.  In July 2017, Ms. Green-Doyle was notified that she received a "Fails to Meet" rating in all three Core Competencies.  S.A. 55 (Notice of Unsatisfactory Performance and Opportunity to Improve).[2]  As a result of her "unacceptable performance," S.A. 63 (Declaration of Ms. Green-Doyle's Supervisor), Ms. Green-Doyle was placed on a Performance Improvement Plan ("PIP") in July 2017, S.A. 55.  Ms. Green-Doyle was

---

[1]  "S.A." refers to the Supplemental Appendix attached to the Respondent's Brief.

[2]  Ms. Green-Doyle was required to maintain a competency rating of at least "Meets."  S.A. 55.  A "Fails to Meet" rating constitutes "unacceptable performance," which, if received in any one of the three Core Competencies, may result in removal from Federal service.  S.A. 44.

notified that the PIP would continue for ninety days from receipt of the notice, during which time she was required to achieve at least a "Meets" level in each the Core Competencies. S.A. 55.[3] While Ms. Green-Doyle was on the PIP, she met with her supervisor weekly to review her work, discuss upcoming assignments, and address improvements to the Core Competencies. S.A. 64. Following the PIP period, Ms. Green-Doyle failed to achieve a "Meets" rating in the communication and timeliness and quantity of work elements, although she did receive an acceptable rating in the customer service element. S.A. 6; *see* S.A. 45–50 (Notice of Proposed Removal) (summarizing Ms. Green-Doyle's work performance during the PIP and extension), 66 (Declaration of Ms. Green-Doyle's Supervisor) (providing that Ms. Green-Doyle still failed to "complet[e] her assignments by the deadline date"). In November 2017, Ms. Green-Doyle was placed on administrative leave as a result of failing to meet an acceptable rating level in two of the three Core Competencies, S.A. 52–53, and was issued a notice of proposed removal, S.A. 44; *see* S.A. 44–51. Three months later, Ms. Green-Doyle was removed from her position. S.A. 40–41 (Removal Decision); *see* S.A. 39 (Notification of Personnel Action).

During the same timeframe, from 2014 to 2017, Ms. Green-Doyle had contacted Equal Employment Opportunity Commission ("EEOC") counselors several times, "seeking counseling, information, and help." S.A. 25. At some point "[b]etween 2017 and 2018[,]" Ms. Green-Doyle filed an EEOC complaint against her supervisor, but the supervisor "was not named or involved in the complaint." S.A. 25.

In July 2018, Ms. Green-Doyle appealed the decision to remove her from her position to the MSPB. S.A. 5. In

---

[3]   A fourteen-day extension was granted, due to Ms. Green-Doyle's absences from work. S.A. 6.

April 2019, the MSPB's administrative judge ("AJ") sustained Ms. Green-Doyle's removal. S.A. 28. The MSPB stated that the DHS communicated performance standards to Ms. Green-Doyle, S.A. 10, that Ms. Green-Doyle "was given a reasonable opportunity to improve her performance," S.A. 10 (underline omitted), and that the USCG "ha[d] established [that Ms. Green-Doyle] failed to meet at least one critical element of her position during the PIP[,]" S.A. 16 (underline omitted). The MSPB concluded that, because "[DHS] ha[d] shown by substantial evidence that [Ms. Green-Doyle]'s performance was unacceptable," its "choice of action was permissible, and [wa]s not subject to further review[.]" S.A. 24; *see* 5 U.S.C. § 7701(c)(1)(A) ("[T]he decision of the agency shall be sustained . . . only if the agency's decision . . . in the case of an action based on unacceptable performance described in [5 U.S.C.] [§] 4303, is supported by substantial evidence[.]"). The MSPB also addressed Ms. Green-Doyle's affirmative defense that she was removed from Federal service as retaliation for her contact with the EEOC. S.A. 25–26. The MSPB "f[ou]nd no direct or circumstantial evidence . . . from which an inference of discriminatory intent might be drawn, to support [Ms. Green-Doyle's] claims of retaliation." S.A. 26. The MSPB concluded that Ms. Green-Doyle's "theory is totally uncorroborated and . . . falls well short of establishing that her EEO[C] activity played any part in [DHS's] decision to remove her from [F]ederal service." S.A. 26.

In May 2019, Ms. Green-Doyle filed a petition with this court to review her removal. Notice of Docketing at 1, *Green-Doyle v. DHS*, No. 19-1955 (Fed. Cir. Sept. 9, 2019), ECF No. 1. Provided in her initial Statement Concerning Discrimination ("Form 10"), Ms. Green-Doyle stated that "I am not sure of these questions[,]" in response to inquiries about whether she had filed discrimination cases with a district court or with the EEOC. Form 10 at 1, *Green-Doyle v. DHS*, No. 19-1955 (Fed. Cir. Sept. 9, 2019), ECF No. 15. In May 2020, we directed Ms. Green-Doyle to file

an amended Form 10 to confirm whether she is abandoning her discrimination claims. Order at 1–2, *Green-Doyle v. DHS*, No. 19-1955 (Fed. Cir. May 12, 2020), ECF No. 27 ("Order"). Ms. Green-Doyle responded, stating that she "ha[s] not stated [that she] want[s] to discontinue any part of [her] Individual Complaint of Employment Discrimination and [she is] not sure why [she was] asked to confirm [her] discrimination claims." Letter at 1, *Green-Doyle v. DHS*, No. 19-1955 (Fed. Cir. May 21, 2020), ECF No. 28 ("Green-Doyle Letter").

## DISCUSSION

### I. Subject Matter Jurisdiction

Before reaching the merits of a case, we must assess whether we may exercise subject matter jurisdiction over it, even if neither party raises the issue. *See Diggs v. HUD*, 670 F.3d 1353, 1355 (Fed. Cir. 2011) (providing for sua sponte subject matter jurisdiction review). "[S]ubject matter jurisdiction cannot be conferred by waiver, estoppel, or consent." *Id.*

We have limited jurisdiction over appeals from the MSPB. Relevant here, we lack jurisdiction over "mixed cases"—those involving both "a specific type of action against an employee which may be appealed to the [MSPB] and an allegation in the nature of an affirmative defense that a basis for the action was discrimination within one of the categories" listed in 5 U.S.C. § 7702(a)(1)(B). *Williams v. Dep't of Army*, 715 F.2d 1485, 1487 (Fed. Cir. 1983) (en banc) (emphasis omitted); *see Perry v. Merit Sys. Protection Bd.*, 137 S. Ct. 1975, 1979 (2017) ("If the MSPB dismisses a mixed case on the merits, . . . review authority lies in the district court, not in the Federal Circuit."). Section 7702(a)(1)(B) provides categories of discrimination, including "discrimination prohibited by . . . [§] 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16)." An "affirmative defense[] of reprisal for prior EEO[C] activity" is considered an "assertion of discrimination under Title VII

and within the meaning of 5 U.S.C. § 7702." *Diggs*, 570 F.3d at 1358. In such circumstances, we must "dismiss [the] appeal for lack of jurisdiction because it presents a 'mixed case' [under the Civil Service Reform Act of 1978 and Title VII of the Civil Rights Act of 1964] which we may not review." *Id.*

## II. We Lack Jurisdiction to Review This Mixed Case

Ms. Green-Doyle's removal from the agency was an action appealable to the MSPB. S.A. 6; *see* 5 U.S.C. § 7701 ("An employee . . . may submit an appeal to the [MSPB] from any action which is appealable to the [MSPB] under any law, rule, or regulation."); *id.* § 4303(a) ("Subject to the provisions of this section, an agency may . . . remove an employee for unacceptable performance."). Accordingly, whether we have jurisdiction in this case hinges upon whether Ms. Green-Doyle alleged a form of discrimination provided in § 7702(a)(1)(B) as the basis for her removal, which would present us with a mixed case that we lack jurisdiction to review. We conclude that she did.

Ms. Green-Doyle has not abandoned her affirmative defense of discrimination. On appeal, Ms. Green-Doyle argues that the MSPB erred by "fail[ing] to look [at] evidence relative to retaliation [and] harassment[.]" Pet'r's Br. 1. The retaliation, according to Ms. Green-Doyle, is that she was removed from Federal service based on her contact with the EEOC. S.A. 25. Moreover, in her initial Form 10, Ms. Green-Doyle stated that she was "not sure of these questions[,]" in response to inquiries about whether she had filed discrimination cases with a district court or with the EEOC. Form 10 at 1. In response to this court's request for clarification on whether she intended to abandon her discrimination claims, *see* Order at 1–2, Ms. Green-Doyle stated that she "ha[s] not stated [that she] want[s] to discontinue any part" of her discrimination claims, *see* Green-Doyle Letter at 1. As we determined in *Diggs*, this affirmative defense does constitute an "assertion of

discrimination under Title VII and [is] within the meaning of 5 U.S.C. § 7702." *Diggs*, 570 F.3d at 1358. As Ms. Green-Doyle does not abandon her discrimination claim, she presents us with a mixed case, which we may not review for lack of jurisdiction. *Id.* at 1358.[4]

## CONCLUSION

Accordingly, the Final Decision of the Merit Systems Protection Board is

**DISMISSED**

---

[4]    As we stated in *Diggs*, "while we understand how a pro se claimant might be surprised that a jurisdictional bar could be raised for the first time long after her appeal was docketed, it is the job of the panel who assesses the merits of an action, and not the Clerk's office on intake or the parties in their briefing, to police its own jurisdiction." 570 F.3d at 1357.