NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JENNIFER L. MILLER,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2020-1820

---

Petition for review of the Merit Systems Protection Board in No. SF-0714-20-0073-I-1.

---

Decided: December 11, 2020

---

JENNIFER L. MILLER, Alameda, CA, pro se.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JEFFREY B. CLARK, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, BRYSON, and CHEN, *Circuit Judges*.

PER CURIAM.

Appellant Jennifer L. Miller was removed from her position as a licensed practical nurse ("LPN") with the Department of Veterans Affairs ("DVA") for failing to maintain her LPN license. She appealed her removal to the Merit Systems Protection Board ("the Board"), which upheld her removal. We affirm.

I

Between 2014 and 2019, Ms. Miller was employed as an LPN at a DVA medical facility. A condition of her employment as an LPN was that she maintain her LPN license. In 2018, she was given a courtesy notice by the DVA that her LPN license was about to expire. She renewed her license that year on the day before her license was set to expire.

In August 2019, shortly before Ms. Miller's license was set to expire, the DVA again gave her a courtesy notice that her license was about to expire. This time, Ms. Miller did not renew her license, and it expired on September 5, 2019. The DVA subsequently proposed to remove her from her position because of her failure to maintain her LPN license.

At the time her license expired, Ms. Miller was on leave-without-pay status. In the notice of proposed removal, the agency proposed to detail her to a non-LPN position if and when she returned to work. The notice stated: "Your supervisor will give you a detail assignment when/if you return to duty. You will be detailed while the proposed removal is in process, i.e., until the proposed removal has been decided."

Ms. Miller never returned to work. Through a representative, she made an oral response to the proposed removal and supported that response with documentation. The agency subsequently removed her, effective October 22, 2019, for failure to maintain her LPN license. In the removal decision, the deciding official sustained the charge

of failure to maintain a current, full, and unrestricted license as a licensed practical nurse.

Ms. Miller appealed the removal action to the Board. She waived her right to a hearing before an administrative judge, and the case was decided based on the parties' written submissions.

The administrative judge who was assigned to the case upheld the removal action in a comprehensive opinion. The administrative judge noted that maintaining LPN licensure was a condition of Ms. Miller's employment as an LPN and that it was her responsibility to ensure that she remained licensed throughout her employment with the DVA.

In her presentation to the administrative judge, Ms. Miller contended that because she was on leave at the time her license expired, she was not able to access the agency's training resources. The administrative judge found, however, that Ms. Miller had complete access to the agency's computer systems and her workplace prior to the time she was removed. Moreover, the administrative judge concluded that even if Ms. Miller did not have access to her workplace during the period prior to the expiration of her license, the agency could not be held responsible for that lack of access because Ms. Miller entered leave status at her own request. The administrative judge also found that Ms. Miller could have satisfied the requirements for her license renewal by accessing training resources from outside the agency.

Before the administrative judge, Ms. Miller claimed that the agency's decision to remove her was the product of discrimination based on a chronic disability. The administrative judge rejected that claim, finding that Ms. Miller did not establish that her disability was a factor in her removal. The administrative judge also found that Ms. Miller failed to prove that the agency's decision to remove her constituted unlawful reprisal based on (1) an equal-

employment-opportunity complaint she filed against the agency in 2018, (2) her use of leave under the Family and Medical Leave Act, and (3) acts of whistleblowing on her part.

Ms. Miller petitioned this court for review of the administrative judge's decision.[1]

## II

At the outset, the government argues that we must dismiss the petition in this case because Ms. Miller has not unequivocally abandoned her discrimination claim, and thus this is a "mixed case" that is outside the scope of our jurisdiction. *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1977 (2017). We disagree.

While Ms. Miller lodged a complaint of discrimination against the agency in 2018, that complaint was not related to her removal, which occurred a year later. And while she asserted before the administrative judge in this case that her removal was the product of disability discrimination and reprisal for equal employment opportunity activity,

---

[1]    Ms. Miller argues that the government's brief was untimely filed and that it should be rejected as a result. We hold that the government's brief was timely under the rules of this court. Ms. Miller's brief was filed on June 23, 2020, and the certified list of the materials constituting the record was received by the court on June 25, 2020. Pursuant to Fed. Cir. R. 31(e)(2), the government's brief was due for filing 21 days after the filing of the certified list, on July 16, 2020. The government's brief was filed on that day. Apparently, the brief was mailed to Ms. Miller's prior address. *See* App. 124. On August 17, 2020, the government's brief was served on Ms. Miller at the proper address. The ministerial error in initially serving Ms. Miller at an outdated address does not justify rejecting the government's brief.

she has abandoned those claims on appeal and is pressing only issues over which this court has jurisdiction.

In her statement pursuant to Fed. Cir. R. 15(c), Ms. Miller represented that no claim of discrimination has been or will be raised in this case and that any claim of discrimination raised before and decided by the Board "has been abandoned or will not be raised or continued in this or any other court." In addition, in her reply brief Ms. Miller stated unequivocally that she is waiving her discrimination claims in this action and that her claim pending before the Equal Employment Opportunity Commission does not relate to her removal. We regard those statements as sufficient to constitute an express waiver of any discrimination claims relating to her removal action and thus sufficient to give this court jurisdiction over her petition for review. *See Harris v. Sec. & Exch. Comm'n*, 972 F.3d 1307, 1317–18 (Fed. Cir. 2020); *Diggs v. Dep't of Hous. & Urban Dev.*, 670 F.3d 1353, 1355 n.2 (Fed. Cir. 2011); *Davidson v. U.S. Postal Serv.*, 24 F.3d 223, 224 (Fed. Cir. 1994).

## III

On the merits, Ms. Miller has abandoned her claims of discrimination and retaliation. Instead, she argues that the removal decision was not supported by substantial evidence and that the administrative judge's decision was infected by improper procedure.

1. There is no merit to the argument that the removal decision was unsupported by substantial evidence. The removal action was based on a single ground: Ms. Miller's failure to renew her LPN license. There is no dispute that maintaining LPN licensure is a condition of her employment and that it was her personal responsibility to ensure that her license was renewed and not allowed to lapse. There is also no dispute that Ms. Miller failed to renew her LPN license prior to its expiration and her removal.

2.  Nor is there any force to Ms. Miller's argument that the agency somehow interfered with her ability to renew her license.  The administrative judge found that Ms. Miller's access to agency computers and other resources was uninhibited and that, in any event, she could have used outside resources to complete the tasks necessary to effect the renewal.

3.  Ms. Miller's procedural arguments are equally devoid of merit.  Her principal focus is on the rebuttal evidence that the DVA presented to the administrative judge during the Board proceedings.  Her first objection is that the agency's rebuttal evidence was not before the decisionmaker at the time the agency made the decision to remove her.  For that reason, she argues, the evidence should not have been presented to the administrative judge in her appeal to the Board.

There is no legal requirement that all the evidence an agency presents in a Board appeal must have been presented to the agency at the time of the agency action that is under review.  While the Board generally may not uphold an adverse agency action on a ground different from the charge levied by the agency as the basis for the action, *see King v. Nazelrod*, 43 F.3d 663, 667 (Fed. Cir. 1994), the evidence that can be presented to the Board in support of that charge is not limited to the evidence recited in the agency's notices of proposed and final action, *see Licausi v. Office of Pers. Mgmt.*, 350 F.3d 1359, 1364 (Fed. Cir. 2003).  Among other reasons for introducing additional evidence in Board proceedings, it is frequently the case—as it was here—that parties raise new issues to the Board, such as affirmative defenses, and that those new issues give rise to newly relevant evidence.[2]

---

[2]    Ms. Miller contends that "the Board is limited to reviewing the grounds invoked by the agency and may not

The agency's case-in-chief was straightforward. It consisted of proof that Ms. Miller failed to comply with a condition of her employment: LPN licensure. As the administrative judge noted, the agency's rebuttal evidence was directed to Ms. Miller's affirmative defenses and her reasons why she should not be faulted for allowing her LPN license to lapse.

Because the agency's rebuttal statement consisted of evidence responding to Ms. Miller's affirmative defenses and her replies to the charge, the agency's rebuttal statement was appropriate rebuttal evidence. Ms. Miller's representative objected to the introduction of the agency's rebuttal evidence, even though it was provided for in the administrative judge's order canceling the hearing in the case. Her representative did not, however, seek leave to offer a substantive response to the agency's rebuttal statement. We conclude that the procedure employed by the administrative judge with respect to the agency's rebuttal statement was not improper and did not deprive Ms. Miller of her rights to due process of law.

---

'substitute what it considers to be better basis and evidence (undisput[ed] new rebuttal evidence in this case) for removal than what was identified by the agency and Notice.'" Reply Br. 8 (quoting *O'Keefe v. U.S. Postal Serv.*, 318 F.3d 1310, 1315 (Fed. Cir. 2002)). That contention is based on a misquotation of *O'Keefe*. The words "and evidence" and the ensuing parenthetical do not appear in the quoted passage from *O'Keefe*. Hence, that case does not stand for the proposition that an agency's presentation of evidence in Board proceedings is limited to evidence previously set forth in a notice of proposed removal. Instead, *O'Keefe* stands for the quite different proposition that the Board may not affirm a removal action on the basis of charges not set out in the notice of proposed removal.

4. Finally, Ms. Miller complains that the agency advised her that it would detail her to a non-patient-care position pending the removal proceedings when she returned to duty, but that no such detail was ever arranged. Ms. Miller, however, did not return to work after the issuance of the notice of proposed removal. Accordingly, by its terms, the proposal to assign her to a detail never came into effect. Because Ms. Miller did not take the step that would have triggered her assignment to a detail during the removal proceedings, the agency did not act improperly by not assigning her to a detail for that limited period.

In sum, Ms. Miller has not overcome the single dispositive fact in this case: She was required to maintain her LPN license as a condition of her employment, and she failed to do so. Because substantial evidence supports the administrative judge's ruling on that factual issue and because Ms. Miller has failed to point to any other infirmities in the proceedings before the agency or the Board, we sustain the Board's ruling upholding her removal.

**AFFIRMED**